**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUKHBIR SINGH, | Case No. 5:26-cv-02671-ACCV |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN OF DESERT VIEW FACILITY, *et al.*, | |
| Respondents. | |

## I.    RULING

On May 19, 2026, Petitioner Sukhbir Singh ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his detention as a violation of the Due Process Clause of the Fifth Amendment, the Fourth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  (Dkt. 1 at 14–22.)  For the reasons stated herein, the Court DENIES the Petition.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India.  (Dkt. 1 at 4.)  Petitioner entered the United States on April 15, 2023, without inspection.  (*Id.*)  Following his entry, the Department of Homeland Security ("DHS") detained Petitioner pursuant to a

Warrant for Arrest of Alien, Form I-200.  (*Id.* at 4–5.)  Petitioner was served a Notice to Appear on April 17, 2023, charging Petitioner as an alien present without admission or parole.  (*Id.* at 5.)  Petitioner was released on an Order of Release on Recognizance and was subject to supervision conditions that included routine U.S. Immigration and Customs Enforcement ("ICE") reporting requirements and alternatives to detention monitoring.  (*Id.*)  According to Petitioner, he has complied with his reporting requirements and attended required ICE check-ins.  (*Id.*)  Petitioner also alleges he has maintained stable employment and developed strong community ties and family ties.  (*Id.*)  Petitioner has a pending asylum application and received valid employment authorization.  (*Id.*)  Petitioner also alleges he has no criminal history.  (*Id.*)

Petitioner was re-detained at an ICE check-in.  (*Id.* at 6.)  Petitioner alleges that he was never notified in advance of his detention about the revocation of his release or that he would be re-detained.  (*Id.*)  Petitioner also alleges that he was never provided with any advance notice regarding his detention or an opportunity to be heard despite his compliance with all immigration supervision requirements, his pending asylum application, and his lack of criminal record.  (*Id.*)  Petitioner remains detained at the Desert View Facility in Adelanto, California.  (*Id.* at 4.)

According to Respondents' Response, on June 18, 2025, Petitioner was arrested for shoplifting in violation of California Penal Code § 459.5(a) and the disposition remains pending.  (Dkts. 8 at 2; 8-1 at 3.)  Respondents contend that on May 8, 2026, ICE conducted a records check and took Petitioner into custody due to his shoplifting arrest.  (Dkt. 8 at 2.)  Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c) as a result of Petitioner's shoplifting arrest.  (*Id.* at 2.)

On May 19, 2026, Petitioner filed his habeas petition asserting that his re-detention violates his Fourth and Fifth Amendment rights as well as the INA and

the APA. (Dkt. 1 at 14–22.) As relief, Petitioner requests, *inter alia*, that he be released or in the alternative, receive a bond hearing. (*Id.* at 22.)

Respondents filed their Response to the Petition on May 26, 2026. (Dkt. 8.) Petitioner filed his Traverse on May 29, 2026. (Dkt. 9.)

### III.    LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

### IV.    DISCUSSION

Petitioner argues he is entitled to release because Respondents violated his due process rights, the Fourth Amendment, the INA, and the APA when they re-detained him without notice and process, and continue to unlawfully detain him. (Dkt. 1 at 14–22.) Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) ("§ 1226(c)"). (Dkt. 8 at 2.)

Congress enacted provisions under § 1226(c) of the INA in response to a legislative determination that noncitizens with certain criminal convictions pose elevated risks of danger to their communities. *See Demore v. Kim*, 538 U.S. 510, 513, 123 S. Ct. 1708, 1712, 155 L. Ed. 2d 724 (2003). Therefore, Section 1226(c) subjects noncitizens convicted of these enumerated crimes to mandatory detention. *Id.* In January 2025, Congress amended § 1226(c) to subject additional categories of noncitizens who have had interactions with law enforcement to mandatory detention without a bond hearing. LAKEN RILEY ACT, PL 119-1, January 29,

3

2025, 139 Stat 3.  Specifically, under 8 U.S.C. § 1226(c)(1)(E), as relevant here, detention is mandatory for a noncitizen who is "inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title" and:

> is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i)–(ii).  Further, in *Demore* the Supreme Court held that mandatory detention without a bond hearing is constitutionally permissible under 8 U.S.C. § 1226(c).  *Demore*, 538 U.S. at 521.

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is *currently* charged with or arrested for the enumerated crimes[.]"  *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).  Thus, "mandatory detention is not required when charges are never filed . . . or where an individual has been acquitted[.]"  *Id.* at *2 (citations omitted).  Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined filing charges and closed the case.  *Id.*; *S.E. v. Noem*, No. 1:26-CV-00356-DAD-SCR, 2026 WL 206085 (E.D. Cal. Jan. 27, 2026).

As noted above, Respondents contend that Petitioner's arrest for shoplifting subjects him to mandatory detention under § 1226(c)(1)(E)(ii).  (Dkt. 8 at 2.)  Respondents support their argument with Petitioner's "Record of Deportable/Inadmissible Alien."  (Dkt. 8-1.)  In the Petition, Petitioner did not address his detention under § 1226(c) or his shoplifting arrest that is pending.  (*See*

*generally* Dkt. 1.)  In fact, Petitioner alleges in his Petition that he has "no criminal history whatsoever." (Dkt. 1 at 2, 11, 15, 21.)

The Court finds that the Laken Riley Act applies to Petitioner.  The parties do not dispute that Petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I), because he was not admitted after inspection by an immigration officer, and also because he is without a valid immigrant visa. (*See* Dkt. 8 at 2; *see generally* Dkts. 1, 9.)  The parties also do not dispute that Petitioner was arrested for shoplifting on June 18, 2025.  (*See* Dkts. 8-1 at 3; 9 at 5.)  Thus, Petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E).[1] *See Yagual v. Semaia*, No. 2:26-CV-04165-SP, 2026 WL 1865876, at *3 (C.D. Cal. June 26, 2026).

In his reply responding to Respondents' argument that he is mandatorily detained under § 1226(c), Petitioner does not contest that he was arrested for shoplifting under California Penal Code § 459.5(a).  (*See generally* Dkt. 9.) Petitioner also does not address the applicability of 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).  (*See* Dkt. 8 at 2.)  Petitioner, instead, argues that even if the Laken Riley Act applies to Petitioner, "that authority does not eliminate the independent procedural protections required by the Fifth Amendment."  (Dkt. 9 at 2.)  Petitioner points to no legal authority to support his arguments that "because Respondents provided no meaningful pre-deprivation process before revoking Petitioner's liberty, the Petition should be granted" even though Petitioner is detained under § 1226(c). *See Singh*, 2026 WL 266021, at *2 (noting the Laken Riley Act applies when there

---

[1] Though Petitioner challenges the applicability of the Laken Riley Act in his Reply, he did not challenge the applicability of the Laken Riley Act on due process grounds in his Petition. (*See generally* Dkt. 1.)  Because Petitioner fails to raise a due process argument that he is entitled to release or to a bond hearing despite his mandatory detention in the Petition, the Court will not address that here.

is a current charge or an arrest for the enumerated crimes).  Because Petitioner did not raise in his Petition the due process argument that he is entitled to release *despite his mandatory detention*, the Court finds Petitioner has not carried his burden of proving by a preponderance of the evidence that he is entitled to habeas relief.  *See Davis*, 384 F.3d at 638.  Thus, the Court denies the Petition.[2]

## V.   CONCLUSION

For the reasons stated, the Court DENIES the Petition.

DATED: July 29, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

---

[2] The Court notes that the record indicates disposition of Petitioner's arrest for shoplifting is pending.  (Dkt. 8-1 at 3.)  If no charges were filed and the case dismissed, then Petitioner may have an argument that the Laken Riley Act, as applied to him, violates his due process rights.  *See Rohit Lnu v. Chestnut*, No. 1:26-CV-00016-JLT-SAB-HC, 2026 WL 395882, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted sub nom. Lnu v. Chestnut*, No. 1:26-CV-00016 JLT SAB (HC), 2026 WL 623148 (E.D. Cal. Mar. 5, 2026) ("Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case."); *Singh*, 2026 WL 266021, at *2 (mandatory detention because of a mere arrest for which prosecutor decided not to press charges raises serious due process concerns).  Petitioner has not made such argument or showing in his Petition.